IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE BENEFIT OF
THE HOLDERS OF COMM2013-CCRE12
MORTGAGE TRUST COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES,

      Plaintiff,

v.     //     CIVIL ACTION NO. 1:17CV138
                  (Judge Keeley)

MOUNTAIN BLUE HOTEL GROUP, LLC,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF
A RECEIVER [DKT. NO. 3], SUPPLEMENTAL MOTION FOR THE
APPOINTMENT OF A RECEIVER [DKT. NO. 20], AND RENEWED
MOTION FOR THE APPOINTMENT OF A RECEIVER [DKT. NO. 24]**

On October 18, 2017, the Court conducted an evidentiary hearing by telephone regarding the plaintiff's Emergency Motion for the Appointment of a Receiver (Dkt. No. 3), Supplemental Motion for the Appointment of a Receiver (Dkt. No. 20), and Renewed Motion for the Appointment of a Receiver (Dkt. No. 24). For the reasons stated on the record, as well as the reasons that follow, the Court **GRANTED** the plaintiff's motions.

The plaintiff, U.S. Bank National Association, as Trustee for the benefit of the Holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("U.S. Bank"), is the holder of a $15,470,000 loan made to the defendant, Mountain Blue Hotel Group, LLC ("Mountain Blue"), in 2013 (Dkt. Nos. 3-4; 3-5; 3-

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF
A RECEIVER [DKT. NO. 3], SUPPLEMENTAL MOTION FOR THE
APPOINTMENT OF A RECEIVER [DKT. NO. 20], AND RENEWED
MOTION FOR THE APPOINTMENT OF A RECEIVER [DKT. NO. 24]**

6). Mountain Blue's obligations under the promissory note are secured by a deed of trust (Dkt. No. 3-7). That deed of trust encompasses real property comprising the "Hilton Garden Inn Morgantown" located at Suncrest Towne Centre, 201 Memorial Highway, Morgantown, West Virginia ("Property"). Id. Due to events of default under the loan documents, U.S. Bank seeks to exercise its right to have a court-appointed receiver manage the Property (Dkt. No. 3 at 2-3).

District courts possess inherent equitable powers under federal common law that include authority to appoint a receiver. See Liberte Capital Group, LLC v. Capwill, 462 F.3d 543, 551 (6th Cir. 2006). Although federal law governs whether a receiver will be appointed, state statute provides the vehicle by which an appointment is accomplished. Canada Life Assur. Co. v. LaPeter, 563 F.3d 837, 843 (9th Cir. 2009); W. Va. Code § 53-6-1. This Court routinely uses its inherent authority to appoint receivers for distressed real estate assets. See, e.g., U.S. Bank Nat'l Ass'n v. Sayona Hospitality, LLC, No. 3:14cv62, 2014 WL 2918547 (N.D.W. Va. June 26, 2014); First United Bank & Trust v. The Square at Falling Run, LLC, No. 1:11cv31, 2011 WL 1563027 (N.D.W. Va. Apr. 25, 2011).

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF
A RECEIVER [DKT. NO. 3], SUPPLEMENTAL MOTION FOR THE
APPOINTMENT OF A RECEIVER [DKT. NO. 20], AND RENEWED
MOTION FOR THE APPOINTMENT OF A RECEIVER [DKT. NO. 24]**

Standing alone, a contractual provision for a court-appointed receiver provides strong support for such an appointment if the contractual predicates are satisfied. See U.S. Bank Nat'l Ass'n v. Sayona Hospitality, LLC, No. 3:14cv62, 2014 WL 2918549 (N.D.W. Va. June 26, 2014) (report and recommendation) (citing Citibank, N.A. v. Nyland (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988)). This Court also has applied the following equitable factors to determine whether the appointment of a receiver is appropriate:

| | | |
|---|---|---|
| i) | | inadequacy of the security to satisfy the debt; |
| ii) | | financial position of the debtor; |
| iii) | | fraudulent conduct on defendant's part; |
| iv) | | inadequacy of legal remedies; |
| v) | | imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; |
| vi) | | probability that harm to moving party by denial of appointment would outweigh injury to parties opposing appointment; |
| vii) | | probability of moving party's success in the action and the possibility of irreparable injury to its interest in the property; and |

U.S. BANK V. MOUNTAIN BLUE                                    1:17CV138

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF
A RECEIVER [DKT. NO. 3], SUPPLEMENTAL MOTION FOR THE
APPOINTMENT OF A RECEIVER [DKT. NO. 20], AND RENEWED
MOTION FOR THE APPOINTMENT OF A RECEIVER [DKT. NO. 24]**

>   viii)   whether moving party's interests sought to be protected will in fact be well-served by receivership.

First United Bank & Trust v. The Square at Falling Run, LLC, No. 1:11cv31, 2011 WL 1563108 (N.D.W. Va. Apr. 25, 2011) (report and recommendation).

Here, U.S. Bank provided sufficient evidence to satisfy the Court that the contracts at issue, as well as the relevant equitable factors, warrant the appointment of a receiver. First, Mountain Blue's failure to pay franchise fees to Hilton Garden Inns Franchise LLC ("Hilton") constituted a material default that permitted Hilton to cancel Mountain Blue's franchise agreement (Dkt. Nos. 3-9; 3-10; 3-12). A material default under the franchise agreement constitutes an event of default under the loan agreement (Dkt. No. 3-5 at 35-37). Further, Mountain Blue's failure to pay state taxes and local hotel taxes, as well as its inability to pay operating and other expenses as they became due, constituted additional events of default under the loan agreement (Dkt. No. 3-5 at 35). Each of these events of default permit U.S. Bank to demand full payment, seek foreclosure, and apply for the appointment of a receiver under the deed of trust (Dkt. No. 3-7 at 13-14). Thus,

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF
A RECEIVER [DKT. NO. 3], SUPPLEMENTAL MOTION FOR THE
APPOINTMENT OF A RECEIVER [DKT. NO. 20], AND RENEWED
MOTION FOR THE APPOINTMENT OF A RECEIVER [DKT. NO. 24]**

U.S. Bank is within its contractual rights to seek the appointment of a receiver.

Second, current circumstances at the Property weigh heavily in favor of appointing a receiver. The value of the Property, and thus its adequacy to satisfy Mountain Blue's debt to U.S. Bank, is directly tied to its continued operation as a hotel under the Hilton franchise agreement. Evidence admitted at the evidentiary hearing established that Mountain Blue recently failed to pay additional fees owed to Hilton, again putting the franchise agreement at risk of termination (Dkt. No. 27-5). Additionally, Mountain Blue's failure to oppose the Monongalia County Commission's tax complaint against it resulted in a default judgment, imposing a lien on the Property for the amount of $144,315.63 (Dkt. No. 19-2). Moreover, under the loan documents, the Property is U.S. Bank's primary source of recovery. Absent the appointment of a receiver to manage the Property and prevent its value from being adversely affected by the inability to operate as a Hilton franchisee, U.S. Bank has no adequate legal remedy.

Finally, the appointment of a receiver will effectively protect U.S. Bank's interest in the Property. A receiver will be

U.S. BANK V. MOUNTAIN BLUE                                     1:17CV138

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S EMERGENCY MOTION FOR THE APPOINTMENT OF
A RECEIVER [DKT. NO. 3], SUPPLEMENTAL MOTION FOR THE
APPOINTMENT OF A RECEIVER [DKT. NO. 20], AND RENEWED
MOTION FOR THE APPOINTMENT OF A RECEIVER [DKT. NO. 24]**

able to use money advanced by U.S. Bank to remain current with Mountain Blue's obligations to Hilton, meet payroll requirements, and pay operating and other expenses as they become due. U.S. Bank's interest in protecting the value of the Property clearly outweighs Mountain Blue's interest in avoiding the appointment of a receiver. In fact, Mountain Blue agreed in the loan documents that a receivership would be appropriate under these circumstances (Dkt. Nos. 3-5 at 35-38; 3-7 at 14-15).

In conclusion, for the reasons discussed, the Court **ORDERS** that U.S. Bank's motions for the appointment of a receiver be, and they are, **GRANTED** (Dkt. Nos. 3; 20; 24). A separate Order appointing a receiver for the Property was entered on October 18, 2017(Dkt. No. 30).

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record.

DATED: October 19, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
